**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EDWARD P. HILL,
<u>Plaintiff-Appellant,</u>

v.

THE TOWN OF SMITHFIELD, VIRGINIA, a
municipal corporation; ELSEY
HARRIS, JR., in his full official

capacity as immediate past Manager
of the Town of Smithfield;
MARK A. MARSHALL, individually
and in his official capacity as Chief
of Police of the Town of
Smithfield, Virginia,
<u>Defendants-Appellees.</u>

No. 95-1988

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CA-94-876-2)

Argued: May 9, 1996

Decided: June 7, 1996

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Andrew Michael Sacks, SACKS, SACKS & IMPR-
EVENTO, Norfolk, Virginia, for Appellant. Conrad Moss Shuma-

dine, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellees. **ON BRIEF:** Stanley E. Sacks, Michael F. Imprevento, SACKS, SACKS & IMPREVENTO, Norfolk, Virginia, for Appellant. William M. Furr, T. Scott McGraw, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Edward P. Hill sued the Town of Smithfield, Virginia, the town manager, and the town police chief under 42 U.S.C.§ 1983, claiming that he was fired as a police officer because he exercised his First Amendment right to speak out about town corruption. Hill alleged that he had discovered six unserved warrants for the arrest of the step-son of Helen Barrett, the town treasurer and a member of the town council, that had been issued for alleged felony drug offenses. Hill found the warrants in the lower drawer of the desk located in Police Chief Mark Marshall's former office. Suspecting corruption, Hill advised a fellow officer of the find, and later the Virginia State Police. The fellow officer attempted to use the information to obtain a promotion in the police department, stating that if he were not promoted, he would use the information about the unserved warrants to "blow away" the department.

When Chief Marshall was informed of the extortionary scheme, he confronted Hill, asking him if he had the warrants or any copies of them. Hill stated that he did not have the warrants, which was not true, and did not disclose that he had provided copies of the warrants to the Virginia State Police. Chief Marshall then asked Hill if he had any copies of police records. Hill acknowledged that he had retained copies of some documents with the permission of the town's prior police chief, but he refused to return them to Chief Marshall. Chief

2

Marshall then ordered Hill to return all copies and threatened to fire him if he refused. When Hill responded, "Do what you have to do," Chief Marshall fired him on the spot.

The case was submitted to a jury which awarded Hill $41,054 in damages, plus accrued employee benefits, court costs, and attorneys fees. After entry of the judgment on the verdict, the district court granted the defendants' motion for judgment as a matter of law, concluding that in the circumstances Hill's speech was not protected and that a prudent inquiry would have disclosed that Chief Marshall had acted properly in holding the warrants in his desk drawer. Just as importantly, the court concluded that Hill's termination was not caused by the exercise of his First Amendment rights in reporting corruption to the Virginia State Police because at the time that Chief Marshall fired him, Chief Marshall was not aware that Hill had reported the matter to the Virginia State Police. Chief Marshall's firing of Hill, therefore, could not have been in retaliation for Hill's exercise of his First Amendment rights.

We have carefully considered the record and the arguments of counsel. Without reaching the question of whether Hill's speech was protected, we agree with the district court that, in any event, Hill's discharge was not caused by his exercise of any First Amendment rights.

AFFIRMED

3